FRED KILLIAN v. ANDREWS MANUFACTURING COMPANY.

(Filed 31 May, 1924.)

**Evidence — Negligence—Employer and Employee—Master and Servant.**

In the employee's action to recover damages of his employer, alleged to have been caused by the negligence of the latter's vice-principal by using an insecure appliance in connection with a power-driven cable, which approximately caused the injury in suit, it is competent to show, by a conversation between plaintiff's fellow-servant and the vice-principal, in plaintiff's presence and hearing, that previous to the occurrence the vice-principal had been put upon notice that the implement he was using was dangerous to the plaintiff in the performance of his duties.

APPEAL by defendant from *McElroy, J.,* at January Term, 1924, of CHEROKEE.

Civil action to recover damages for an alleged negligent injury.

The usual issues of negligence, contributory negligence, assumption of risk and damages were submitted to the jury and answered by them in favor of the plaintiff. From a judgment on the verdict, defendant appeals, assigning errors.

*Moody & Moody for plaintiff.*
*Martin, Rollins & Wright for defendant.*

STACY, J. Plaintiff, an employee of the defendant, at the time he received his injury, was a member of a skidder crew, engaged in taking the slack out of an overhead cable used by the defendant in transporting logs across a mountain ravine or along the mountain side. The main cable was being tightened by means of a smaller cable drawn around the drum of the skidder engine, and this smaller cable was fastened to the larger cable by a logging chain. A link in this chain broke or gave way, causing the main cable to fall against the plaintiff's leg, inflicting serious injury and rendering its amputation necessary.

Plaintiff testified that a few minutes before the injury Tom Payne, who was engaged in fastening the two cables together, said to John Gibbs, the foreman in charge of the work: "John, that chain won't hold." Gibbs replied: "Oh, yes, it will hold." Payne said: "You are the doctor," and proceeded to tie the two cables with the chain which broke and caused plaintiff's injury. Defendant contends that this evidence was incompetent and that its admission, over objection, should be held for reversible error. But it will be observed that this conversation was had in the presence of and with John Gibbs, defendant's representative in charge of the work. Such evidence was held to be competent in *Jenkins v. Long,* 170 N. C., 269, as tending to fix the defendant with previous knowledge of the existing danger. It was not denied by Gibbs. In fact, the defendant offered no evidence, but rested its case at the close of plaintiff's evidence. The exception must be overruled.

The remaining exceptions and assignments of error present no new or novel point of law not heretofore settled by our decisions. A careful perusal of the record leaves us with the impression that the case has been tried substantially in agreement with the law bearing on the subject, and that the validity of the trial should be upheld.

No error.